Joseph P. Russoniello and Sanford Svetcov, San Francisco, Cal., for respondent-appellee.

Coy R. Phelps, pro se.

**Coy Ray PHELPS, Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 87–1556.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 6, 1987 *.

Decided Nov. 3, 1987.

Before BROWNING, PREGERSON and REINHARDT, Circuit Judges.

PER CURIAM:

The petitioner-appellant in this case, Coy Ray Phelps, was charged with making, possessing, and planting pipe-bombs that were recovered in various San Francisco locations. In July 1986, a jury found Phelps not guilty only by reason of insanity on all counts. Pursuant to the procedures set out in 18 U.S.C. §§ 4243 and 4247 (Supp. III 1985), a commitment hearing was held before the district judge. The judge found

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

that Phelps was suffering from a severe mental disease and that there was clear and convincing evidence that Phelps' release "would create a substantial risk of bodily injury to persons and serious damage of property of others" due to that disease. He ordered Phelps committed under 18 U.S.C. § 4243(e).

Phelps subsequently petitioned for a writ of habeas corpus on the ground that 18 U.S.C. §§ 4243 and 4247 are unconstitutionally vague and overbroad. 18 U.S.C. § 4243(e) provides that a person found not guilty only by reason of insanity shall be committed if the court fails to find "that the person's release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect." This language is reproduced in section 4247(c)(4)(C), regarding the contents of the required psychiatric or psychological reports. Specifically, Phelps asserts that the words "substantial" and "serious" in these subsections are too subjective and not strictly defined, and can be applied differently by different judges.

The legislative history of 18 U.S.C. § 4243 indicates that the "substantial risk" standard used in that section is similar to the test used in the District of Columbia's provisions for the commitment of persons found not guilty only by reason of insanity. Under the D.C. statute, an insanity acquittee can be released only if he "will not in the reasonable future be dangerous to himself or others." See S.Rep. No. 225, 98th Cong., 2nd Sess. 243 n. 83 (1983), reprinted in 1984 U.S.Code Cong. & Admin.News 3182, 3425 n. 83 (quoting 24 D.C.Code 301(e)). The dangerousness test, while it cannot be precisely defined, is not an unfamiliar one: it is applied regularly by judges in a variety of contexts. For example, the test is part of the civil commitment standard in many jurisdictions. See ABA Standards for Criminal Justice, Criminal Justice Mental Health Standards, ch. 7 at 387 (2nd ed. 1986). Its use has been upheld in statutes involving capital punishment, Jurek v. Texas, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976), and bail, United States v. Salerno, — U.S. —, 107 S.Ct. 2095,

95 L.Ed.2d 697 (1987). Other statutes governing the commitment of persons found not guilty only by reason of insanity that use a dangerousness test have also been upheld. See Jones v. United States, 463 U.S. 354, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983) (upholding D.C. statute); Hickey v. Morris, 722 F.2d 543 (9th Cir.1983) (upholding Washington statute).

Thus, section 4243's "substantial risk" language reflects dangerousness provisions the use and validity of which are already well established. It is true that the words "substantial" and "serious" cannot be quantified. However, the statute at issue here does not guide individual conduct; rather, it guides the judge who must make the commitment decision. Judges apply similar language for similar purposes with regularity.

The order of the district court is affirmed.