62 F.3d 1020
 Coy R. PHELPS, Appellant,
v.
UNITED STATES BUREAU OF PRISONS; R.H. Rison, Warden, MCFP,
Appellees.
Coy R. PHELPS, Appellant,
v.
UNITED STATES of America; Janet Reno, Attorney General;
Kathy Hawks, Director, Federal Bureau of Prisons; R.H.
Rison, Warden, Medical Center for Federal Prisoners; U.S.
Marshals Service, San Francisco, CA, Appellees.
Coy R. PHELPS, Appellant,
v.
R.H. RISON, Warden, Medical Center for Federal Prisoners;
William Barr, U.S. Attorney General; Kathy Hawks,
Director, Federal Bureau of Prisons, Appellees.
Coy R. PHELPS, Appellant,
v.
R.H. RISON, Warden, Medical Center for Federal Prisoners;
Kathy Hawks, Bureau of Prisons Director; Dr. E. Galleanos,
Medical Center for Federal Prisoners; Dr. R. Carter,
Medical Center for Federal Prisoners; Gomez, Case Manager,
Medical Center for Federal Prisoners; McCauley, Unit
Manager, Medical Center for Federal Prisoners; G. Gardner,
Corrections Captain, Medical Center for Federal Prisoners,
Appellees.
Coy R. PHELPS, Appellant,
v.
R.H. RISON, Warden, Medical Center for Federal Prisoners,
Springfield, Missouri; S.D. Paciorck, Appellees.
 Nos. 94-1298, 94-2040, 94-2042.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 15, 1995.
Decided Aug. 7, 1995.
 
 Nancy Graven, Federal Public Defender, Springfield, MO, argued, for appellant.
 Aleen Castellani, Asst. U.S. Atty., Kansas City, MO, argued, for appellee.
 Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 HEANEY, Senior Circuit Judge.
 
 
 1
 This consolidated appeal stems from five actions initiated by insanity acquittee Coy Ray Phelps against the United States Bureau of Prisons (BOP), the Springfield, Missouri Federal Medical Center (FMC) Warden, R.H. Rison, the United States Attorney General, and other BOP and FMC personnel. The only substantive issue presented is whether the Springfield FMC is a "suitable facility" for Phelps within the meaning of 18 U.S.C. Secs. 4243(e), 4247(i). For the reasons set forth below, we conclude that it is.
 
 I.
 
 2
 In 1986, a jury found Phelps not guilty by reason of insanity on the charges of making, possessing, and planting pipe-bombs that were recovered in various San Francisco locations, and he was committed to the custody of the Attorney General pursuant to section 4243(e) following a hearing. See Phelps v. United States, 831 F.2d 897, 897-98 (9th Cir.1987) (per curiam). Since that time, he has been housed at and transferred between the FMCs in Springfield, Missouri; Rochester, Minnesota; and Butner, North Carolina. Based on reports generated in the course of hearings to determine the appropriateness of Phelps's intermittent requests for release under sections 4243(f) and 4247(h), Phelps suffers from a delusional disorder, persecutory type; pedophilia; and an antisocial personality disorder; Phelps has been found "dangerous due to symptoms of mental illness." See United States v. Phelps, 35 F.3d 573 (9th Cir. Aug. 30, 1994) (unpublished mem.). Specifically, his illness "incorporates extreme delusional, religious ideation and includes a sense of persecution and fear of a variety of minority groups," and his fear is so extreme that "Phelps strongly advocates the destruction of these minority groups and freely notes that he will be involved in actions to achieve this destruction." Id.
 
 District Court Case No. 94-3047-CV-S-4
 Appeal No. 94-2040
 
 3
 District Court Case Nos. 93-3225-CV-S-4 and 94-3006-CIV-S-RGC
 
 Appeal No. 94-1298
 
 4
 In February 1993, Phelps filed a fee-paid civil rights lawsuit, district court case No. 93-3047, which was construed by the court as a habeas petition, alleging, in part, that he should be confined under hospital-like conditions rather than the prison-like conditions at FMC Springfield, and that defendants have a duty to secure for him suitable state placement under 18 U.S.C. Sec. 4241. Phelps filed a second fee-paid action in June 1993, district court case No. 93-3225-CV-S-4, alleging that the Springfield FMC at which he was housed was not a "suitable facility" within the meaning of 18 U.S.C. Secs. 4243(e) and 4247(i). Essentially, Phelps alleged that he was being treated as if he were a convicted prisoner rather than a civil committee or patient, and that FMC Springfield's recent accreditation by the Joint Committee for the Accreditation of Healthcare Organizations (JCAHO) did not qualify the facility as "suitable" under the statute. In January 1994, Phelps filed, fee-paid, a 28 U.S.C. Sec. 2241 habeas petition, district court case No. 94-3006-CV-S-RGC, alleging that he was unlawfully incarcerated, rather than hospitalized, that the BOP did not have authority over civil committees, and that he should not be forced to follow the same rules and regulations as convicted inmates.
 
 
 5
 The district court appointed counsel for Phelps and ordered the two latter-filed actions, case Nos. 93-3225 and 94-3006, consolidated. The court considered a report filed by the government, including an affidavit of Sherman R. Walter, Associate Warden of the Mental Health Unit at FMC Springfield, attesting that FMC Springfield was accredited by JCAHO as an "appropriate" hospital facility, and an attached letter from JCAHO stating that the FMC Springfield "was surveyed using appropriate standards from the Accreditation Manual for Mental Health, Chemical Dependency, and Mental Retardation/Developmental Disabilities Servs., 1993 and the Accreditation Manual for Hospitals, 1993," and that FMC Springfield was accredited for three years beginning February 1993. The district court held that Phelps failed to allege a constitutional violation because the mental health unit of FMC Springfield was "a suitable mental health facility within the parameters of 18 U.S.C. Sec. 4241." The court dismissed the complaints, and also dismissed case No. 93-3047.
 
 
 6
 We caution the district court that its power to sua sponte dismiss a complaint for failure to state a claim should only be exercised after service of process. See Carney v. Houston, 33 F.3d 893, 895 (8th Cir.1994) (per curiam) ("procedures for 'paid complaints' do not provide for dismissals prior to service of process"); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir.1991) ("district court sua sponte may dismiss a complaint under Rule 12(b)(6)" after service of process; in circumstances of this case, however, plaintiff's lack of notice and opportunity to respond was not per se reversible error when it was patently obvious he could not prevail based on facts alleged). Here, defendants had actual notice of the lawsuit as evidenced by a "report" submitted to the court after the magistrate judge recommended dismissal, and Phelps had an opportunity to respond. In addition, Phelps certified in two of the three actions that he had mailed a copy of his pleading to defendants. We will review the allegations of Phelps's complaints de novo to determine whether they state a claim. See Smith, 945 F.2d at 1043.
 
 
 7
 Preliminarily, we find Phelps's habeas motion is not moot, even though he was transferred from FMC Springfield to the Butner facility. In Phelps v. United States, 15 F.3d 735, 738 (8th Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 2118, 128 L.Ed.2d 676 (1994), we expressed concern that two of Phelps's habeas petitions challenging his placement at an FMC were mooted by his transfers from one FMC to another. Defendants have indicated that frequent movement will continue to be necessary to defuse potentially explosive situations and to protect Phelps. Accordingly, the issue of whether FMC Springfield is a "suitable facility" for Phelps should be examined under the "capable of repetition yet evading review" exception to the mootness doctrine. See Washington v. Harper, 494 U.S. 210, 218-19, 110 S.Ct. 1028, 1034-35, 108 L.Ed.2d 178 (1990).
 
 
 8
 Turning to Phelps's claims, 18 U.S.C. Sec. 4243(a) provides that a person found not guilty by reason of insanity "shall be committed to a suitable facility until such time as he is eligible for release," and section 4243(e) gives the Attorney General custody over such persons. A "suitable facility" is defined as "a facility that is suitable to provide care or treatment given the nature of the offense and the characteristics of the defendant." 18 U.S.C. Sec. 4247(a)(2). Section 4247 further provides that the Attorney General "shall, before placing a person in a facility pursuant to the provisions of section ... 4243 ..., consider the suitability of the facility's rehabilitation programs in meeting the needs of the person," 18 U.S.C. Sec. 4247(i)(C), and that the Attorney General "shall consult with the Secretary of the Department of Health and Human Services in the general implementation of the [commitment] provisions ... and in the establishment of standards for facilities used," 18 U.S.C. Sec. 4247(i)(D).
 
 
 9
 Defendants have represented, to the court below and this court, that they have made repeated efforts to find suitable state placement for Phelps, and their efforts are ongoing, but they have been unsuccessful because of Phelps's criminal history, mental health needs, and the reluctance of states to assume the responsibility of caring for persons who will likely have need for long-term expensive care. Based on Phelps's well-documented criminal history, his mental diagnosis, and the limited range of choices available for the Attorney General through the BOP to incarcerate Phelps, we hold that FMC Springfield is a "suitable facility" for him, within the meaning of sections 4241 and 4243.
 
 
 10
 The remaining issue raised by Phelps on appeal, concerning the alleged illegality of his indefinite commitment, is without merit. Accordingly, we affirm the judgment of the district court dismissing case Nos. 93-3047, 93-3225, 94-3006.
 
 II.
 District Court Cases
 No. 93-3046-CIV-S-4 and
 94-3008-CV-S-RGC
 Appeal No. 94-2042
 
 11
 In Phelps v. Rison, No. 93-2156 (8th Cir. June 9, 1993) (unpublished judgment), this court remanded case No. 93-3046 because Phelps's assertion therein that he was forced to listen to religious television and radio programs in contravention of his sincerely held religious beliefs was sufficient to state a First Amendment claim, and his assertion that he was subjected to incessant noise stated a colorable Eighth Amendment violation. Phelps then filed a habeas petition, district court case No. 94-3008, in which he made the same allegations. On remand, the district court consolidated the two cases, appointed counsel to represent Phelps, and referred the case to a magistrate judge. The magistrate recommended dismissal on the merits, and in so doing considered an affidavit and documentary evidence contesting Phelps's complaint allegations. Phelps filed objections, then moved to withdraw actions which did not include either of these cases. The district court then dismissed the civil rights complaint, case No. 93-3046, pursuant to Phelps's motion, and later dismissed the habeas petition, case No. 93-3008, as moot after Phelps was transferred to a different FMC.
 
 
 12
 Defendants concede that the district court committed error in dismissing these cases, but they suggest the issue has been abandoned on appeal by appointed appellate counsel. We decline, however, to consider these issues abandoned, cf. Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740 (8th Cir.1985) (party's failure to raise or discuss issue in his brief is to be deemed abandonment of that issue), because Phelps requested relief from judgment on these actions in a previously filed pro se brief. For the reasons set forth above, the habeas petition is subject to the "capable of repetition yet evading review" exception to the mootness doctrine. Expressing no opinion on the merits of Phelps's actions, we reverse the judgment of the district court dismissing these cases, Nos. 93-3046 and 94-3008, and remand with directions to consider the merits of Phelps's claims that he was forced to listen to religious television and radio programs in contravention of his religious beliefs and that he was subjected to incessant noise.
 
 III.
 Conclusion
 
 13
 We affirm the judgment of the district court dismissing case Nos. 93-3047, 93-3225, 94-3006. We reverse the judgment of the district court dismissing case Nos. 93-3046 and 94-3008 and remand for further proceedings.