# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1808
_____

| | | |
|---|---|---|
| Victor B. Perkins, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Bill Hedricks, | * | |
| | * | [PUBLISHED] |
| Appellee. | * | |

_____

Submitted: July 3, 2003

Filed: August 14, 2003
_____

Before MORRIS SHEPPARD ARNOLD, BYE, and SMITH, Circuit Judges.
_____

PER CURIAM.

Federal Medical Center detainee Victor B. Perkins appeals the district court's preservice dismissal of his civil filing for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act (PLRA). Having carefully reviewed the record, we conclude dismissal was improper. The exhaustion requirement of section 1997e does not apply, as Perkins appears to be civilly committed and is thus not a prisoner within the meaning of the PLRA. See 42 U.S.C. § 1997e(a) (no action shall be brought with respect to prison conditions by a "prisoner confined in any jail, prison, or other correctional facility" under any federal law, until inmate exhausts available administrative remedies); 18 U.S.C. § 3626(g)(3)

(as relevant, term "prisoner" means any person subject to detention who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law); Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (person detained civilly for non-punitive purposes is not "prisoner" within meaning of PLRA, and thus administrative-exhaustion rules do not apply).

Accordingly, we (1) grant Perkins in forma pauperis status, noting that the inmate-account procedures of 28 U.S.C. § 1915 do not apply to him, (2) remand to the district court for further consideration of Perkins's claim, and (3) deny his pending motions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.