# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1348

_____

Benjamin Archuleta,                *
                                                 *

      Plaintiff - Appellant,     *
                                                 *   Appeal from the United States

      v.                            *   Court of Appeals for the
                                                 *   Western District of Missouri.

Bill Hedrick, Warden; United States  *
of America,                    *
                                                 *

      Defendants - Appellees.   *

_____

Submitted: November 18, 2003

Filed:  April 23, 2004

_____

Before LOKEN, Chief Judge, McMILLIAN and BEAM, Circuit Judges.

_____

LOKEN, Chief Judge.

Benjamin Archuleta was charged with assaulting a federal official in the United States District Court for the District of Utah. By order dated July 23, 1999, the court found him not guilty only by reason of insanity. The court also found, based on a stipulation of the parties and a written psychiatric evaluation, that Archuleta's release "would create a substantial risk of bodily injury to another due to [his] present mental disease" and committed him to the custody of the Attorney General and to the Federal Medical Center in Springfield, Missouri. See 18 U.S.C. § 4243(a) through (e). Some time later, Archuleta was conditionally released, but the District of Utah revoked his

release on July 8, 2002. The court recommitted him to the custody of the Attorney General at FMC Springfield "for hospitalization and further placement until such time as [Archuleta] may be eligible for a conditional release under a prescribed regimen of medical, psychiatric or psychological care or treatment, pursuant to the provisions of 18 U.S.C. § 4243(e) and (f), at which time [his] status will be subject to further review by the Court."

In October 2002, Archuleta filed this pro se petition for habeas corpus relief in the Western District of Missouri. Prior to service, the magistrate judge construed the petition as challenging "the administration of involuntary medication and [Archuleta's] mental health commitment" and recommended that it be dismissed for failure to exhaust administrative remedies. Archuleta filed pro se objections, citing federal court decisions that have declined to require exhaustion for various reasons. The district court summarily agreed with the magistrate judge and dismissed the petition without prejudice for failure to exhaust.

Archuleta then filed a pro se notice of appeal. We granted in forma pauperis status and appointed the Federal Public Defender's office to represent him on appeal. The government submitted in an addendum to its brief documents explaining the procedural history leading to Archuleta's current involuntary hospitalization. Because the appeal raises pre-service exhaustion issues, this was both helpful and appropriate. See Foulk v. Charrier, 262 F.3d 687, 698 n.7 (8th Cir. 2001); McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000). For the following reasons, we vacate the dismissal order and remand to the district court with directions to transfer the case to the District of Utah pursuant to 28 U.S.C. § 1406(a).

**I.**

On appeal, counsel for both parties accept the district court's interpretation of the pro se petition as primarily challenging the involuntary administration of

psychotropic medication by FMC mental health professionals. At oral argument, counsel described this is as a "28 U.S.C. § 2241 conditions of confinement case." That framing of the dispute raises a host of complex and difficult threshold issues:

-- Is Archuleta a "prisoner" subject to the statutory exhaustion requirement in the Prison Litigation Reform Act? See 42 U.S.C. § 1997e(a); Perkins v. Hedricks, 340 F.3d 582, 583 (8th Cir. 2003); Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001).

-- May Archuleta, a federal inmate, seek habeas corpus relief for a conditions of confinement claim? See Preiser v. Rodriguez, 411 U.S. 475, 484, 499 (1973); Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002) ("A [federal inmate] may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court."); Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) ("If the [state] prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy."); Phelps v. United States Bureau of Prisons, 62 F.3d 1020 (8th Cir. 1995).

-- If habeas relief is unavailable, may Archuleta seek injunctive relief through a Bivens claim? If so, must he first exhaust Bureau of Prisons administrative remedies? Compare McCarthy v. Madigan, 503 U.S. 140, 149 (1992) (federal prisoner need not exhaust prison remedies before bringing Bivens claim for damages; legislatively overruled as to "prisoner" claims by 42 U.S.C. § 1997e(a)), with Rourke v. Thompson, 11 F.3d 47, 49-50 (5th Cir. 1993) (federal inmate must exhaust prison remedies before bringing Bivens claim for injunctive relief).

We conclude that we need not resolve these issues because the magistrate judge seriously misconstrued the gravamen of Archuleta's pro se habeas petition. At the

start of the petition, Archuleta pleads that he seeks "an unconditional discharge and constitutional release." The petition's Statement of the Case then alleges that Archuleta had no intent to harm the federal official; that the statute pursuant to which he was committed is unconstitutional; that administrative remedies cannot redress this constitutional violation; that his treatment after being found not guilty by reason of insanity may not lawfully exceed the sentence he would have received if found guilty; that he did not violate his conditions of release "but for the exception of being late on taking his [anti-psychotic] medication . . . one day"; that he "has never refused meds" but "forced psychiatric treatment" violates the Eighth Amendment; that he "is duly eligible for an unconditional discharge"; that a jury rather than biased prison officials should determine whether he is insane; and that relocating him to a distant prison facility "amounts to banishment and exile." The petition closes with a request for a "preliminary court injunction . . . restraining the respondents from forceably [sic] medicating him . . . without cause until a court order can be issued . . . ."

Although the petition includes one allegation challenging Archuleta's medical treatment at FMC Springfield, its dominant theme is that his continuing detention at that facility is unlawful and unconstitutional. Even the prayer for relief seeks only a preliminary injunction against forcible medication. That prayer probably relates to his claim that a jury, not the FMC health professionals, should ultimately determine his sanity. Relief from unlawful custody is a proper role of the Great Writ, as Congress recognized when it provided that 18 U.S.C. § 4243 -- the statute under which Archuleta is committed -- does not preclude a person "from establishing by writ of habeas corpus the illegality of his detention." 18 U.S.C. § 4247(g), a statute cited in Archuleta's petition. Thus, the district court and appointed counsel erred in treating this as a "conditions of confinement" case. Pro se habeas petitions should be liberally construed. See Young v. Armontrout, 795 F.2d 55, 56 (8th Cir. 1986). In these circumstances, we will exercise our discretion to consider unlawful detention issues not raised in the briefs because "substantial public interests are involved." Hatley v. Lockhart, 990 F.2d 1070, 1073 (8th Cir. 1993) (quotation omitted).

-4-

## II.

Archuleta filed this habeas petition in the Western District of Missouri, seeking relief under 28 U.S.C. § 2241 and naming the Warden of FMC Springfield as respondent. He invoked the proper statute because he was found not guilty by reason of insanity and therefore is not eligible for relief under 28 U.S.C. § 2255. He chose the proper forum for a § 2241 claim because he was in custody in the Western District of Missouri. See Matheny, 307 F.3d at 711-12; Phelps, 62 F.3d at 1021.

Archuleta's petition for § 2241 relief suggests that he may establish his right to discharge by relitigating the initial finding that he was not guilty by reason of insanity.[1] But Archuleta may not collaterally attack his decision to assert a successful insanity defense. See Curry v. Overholser, 287 F.2d 137, 139-40 (D.C. Cir. 1960). In any event, he is in custody by reason of commitment orders entered under 18 U.S.C. § 4243(e) and (g). Thus, this claim does not entitle him to habeas relief.

Archuleta's habeas petition also alleges that the statute pursuant to which he was committed is unconstitutional. The statute authorizes the court to recommit a person found not guilty by reason of insanity if the court finds, after a hearing, that "his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4243(g). The statutory procedure and substantive standard are clearly constitutional. See, e.g., Phelps v. United States, 831 F.2d 897, 898 (9th Cir. 1987). Thus, this claim, though cognizable in a § 2241 habeas proceeding, is without merit.

---

[1]Archuleta may harbor the misconception that he has been held in medical custody longer than he would have been sentenced for committing the charged offense only because he pleaded not guilty by reason of insanity. A federal inmate who has completed his sentence may also be committed for a longer period on the grounds that he is dangerous because of mental illness. See 18 U.S.C. § 4246; Cochran v. Dysart, 965 F.2d 649, 649 (8th Cir. 1992).

Archuleta's petition further alleges that he meets the standards for conditional or unconditional release under 18 U.S.C. § 4243. This is a cognizable claim, because 28 U.S.C. § 2241(c)(3) authorizes the habeas court to determine whether the petitioner "is in custody in violation of the Constitution *or laws* or treaties of the United States." (Emphasis added.) However, habeas corpus is an extraordinary remedy typically available only when "the petitioner has no other remedy." Taniguchi v. Schultz, 303 F.3d 950, 955 (9th Cir. 2002); see Stack v. Boyle, 342 U.S. 1, 6-7 (1951). Here, the applicable statutes expressly provide a procedure for the remedy Archuleta seeks:

> Regardless of whether the director of the facility in which a person is hospitalized has filed a certificate pursuant to the provisions of . . . subsection (f) of section 4243, counsel for the person or his legal guardian may, at any time during such person's hospitalization, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be hospitalized.

18 U.S.C. § 4247(h). At least one person found not guilty by reason of insanity and committed at FMC Springfield has invoked this remedy and been awarded the appointment of counsel and a hearing before the district court that committed him. See United States v. Budell, 187 F.3d 1137 (9th Cir. 1999).

Archuleta is in custody by reason of a commitment order issued by the District of Utah. Only that court, not the Warden of FMC Springfield, may grant the statutory relief he seeks, either conditional or unconditional release. See § 4247(h). Although most § 2241 habeas petitions could not be brought in the District of Utah while Archuleta is in custody in the Western District of Missouri, Budell confirms that the District of Utah has jurisdiction to decide a motion brought under 18 U.S.C. § 4247(h) and therefore has the discretion to take jurisdiction over Archuleta's pro

se habeas petition under either 18 U.S.C. § 4247(g), or 18 U.S.C. § 4247(h), or both. In these circumstances, a transfer of the petition under 28 U.S.C. § 1406(a) is both permissible and appropriate.

We acknowledge that one of Archuleta's complaints is that he has been "exiled" to an institution located far from the court that committed him. But the statutory regime is not unconstitutional on this ground. We also acknowledge that his petition expresses some displeasure with his continuing psychiatric treatment at FMC Springfield. But he asserts that he has not refused to take the prescribed psychotropic medications, and he does not clearly seek relief from that treatment independent of his claim that he should be released. Thus, we conclude that the petition should be transferred to the District of Utah even though that court may lack jurisdiction over claims relating solely to the conditions of Archuleta's confinement in Missouri. If Archuleta does object to his on-going conditions of confinement, there are separate statutory and administrative remedies that he may invoke in the future. See, e.g., United States v. Morgan, 193 F.3d 252 (4th Cir. 1999); United States v. McAllister, 969 F. Supp. 1200 (D. Minn. 1997).

For the foregoing reasons, the judgment of the district court is reversed and the case is remanded with directions to transfer the petition to the United States District Court for the District of Utah.

_____