**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

EMORY ALVIN MICHAU, JR.,
             *Plaintiff-Appellant,*

v.

CHARLESTON COUNTY, SOUTH
CAROLINA; CHARLESTON COUNTY
DETENTION CENTER; CHARLESTON              No. 04-7726
COUNTY PUBLIC DEFENDER'S OFFICE;
JULIE J. ARMSTRONG, Clerk of Court;
J. A. CANNON, Sheriff,
             *Defendants-Appellees.*

EMORY ALVIN MICHAU, JR.,
             *Plaintiff-Appellant,*

v.                                        No. 04-7734

MICHAEL MOORE, Director, South
Carolina Department of Corrections,
             *Defendant-Appellee.*

Appeals from the United States District Court
for the District of South Carolina, at Greenville.
Sol Blatt, Jr., Senior District Judge.
(CA-04-704-6-08AK; CA-04-709-6-08)

Argued: December 2, 2005

Decided: January 18, 2006

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

Affirmed by published opinion. Judge Traxler wrote the opinion, in which Judge King and Judge Duncan joined.

---

### COUNSEL

**ARGUED:** Joseph Michael Moore, MORRIS & MORRIS, Richmond, Virginia, for Appellant. Stephanie Pendarvis McDonald, SENN, MCDONALD & LEINBACH, L.L.C., Charleston, South Carolina, for Appellees. **ON BRIEF:** Sandra J. Senn, SENN, MCDONALD & LEINBACH, L.L.C., Charleston, South Carolina, for Appellees.

---

### OPINION

TRAXLER, Circuit Judge:

Emory Alvin Michau, currently detained in a state correctional facility in South Carolina, filed two civil rights actions against various defendants. After reviewing the complaints under the Prison Litigation Reform Act (the "PLRA") and the statutes governing *in forma pauperis* ("IFP") filings, the district court dismissed the complaints for failing to state a claim upon which relief could be granted. We conclude that Michau is not subject to the requirements of the PLRA and that the PLRA thus provides no basis for dismissal of the complaints. Nonetheless, because the complaints were properly dismissed under the IFP screening procedures, we affirm the decision of the district court.

### I.

Michau was imprisoned in South Carolina after being convicted of contributing to the delinquency of a minor and participating in the prostitution of a minor. As Michau was approaching the end of his sentences for those charges, the South Carolina Attorney General petitioned the trial court seeking a determination that there was probable cause to hold Michau under South Carolina's Sexually Violent Predator Act ("SVPA"). *See* S.C. Code Ann. § 44-48-70. The trial

court found probable cause to conclude that Michau qualified as a sexually violent predator, and the court ordered Michau detained pending an evaluation to determine if he should be classified as a sexually violent predator.

While Michau was detained pending evaluation under the SVPA, he filed two actions in federal district court naming various defendants. The magistrate judge conducted a pre-answer review of the complaints in accordance with the requirements of the PLRA and the IFP statute. The magistrate recommended that the complaints be dismissed for failure to state a claim. The district court adopted the magistrate's recommendations and dismissed Michau's complaints. This appeal followed.

## II.

The PLRA requires a district court to screen (before docketing, if feasible) complaints filed by prisoners and requires the court to dismiss a complaint if it is "frivolous, malicious, or fails to state a claim." *See* 28 U.S.C.A. § 1915A(b)(1) (West Supp. 2005). Michau contends that because he is no longer serving a sentence for a criminal conviction, he is not a "prisoner" for purposes of the PLRA. We agree.

The PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C.A. § 1915A(c); *see also* 28 U.S.C.A. § 1915(h) (West Supp. 2005). Clearly, Michau would have qualified as a "prisoner" under the PLRA while he was serving the sentences on his criminal convictions. However, Michau is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. *See In re Matthews*, 550 S.E.2d 311, 316 (S.C. 2001) (concluding that the SVPA is civil rather than criminal and that confinement under the SVPA is non-punitive); *see also Kansas v. Hendricks*, 521 U.S. 346, 365-69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme). Because Michau's detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pre-

trial diversionary program, he does not meet the PLRA's definition of "prisoner." *See Perkins v. Hedricks*, 340 F.3d 582, 583 (8th Cir. 2003) (per curiam) (concluding that the PLRA does not apply to civil detainees); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (concluding that the PLRA does not apply to detainee civilly committed pending determination of sexually violent predator status); *Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (concluding that a person detained under state's civil sexually violent predator act is not a "prisoner" within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of Michau's complaints.

That the PLRA is inapplicable, however, does not require us to reverse the district court's dismissal of Michau's complaints. Under 28 U.S.C.A. § 1915(e), which governs IFP filings in addition to complaints filed by prisoners, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim. *See* 28 U.S.C.A. § 1915(e)(2)(B). The district court relied on § 1915(e)(2)(B) in addition to the PLRA when dismissing Michau's complaints. After reviewing the claims asserted by Michau in his complaints, we cannot say that the district court abused its discretion by dismissing the complaints under § 1915(e)(2)(B). *See Nasim v. Warden*, 64 F.3d 951, 954 (4th Cir. 1995) (en banc) (explaining that a district court's decision to dismiss a complaint under § 1915 is reviewed for abuse of discretion).

Michau's complaints include two types of claims—claims seeking damages based on issues related to his state convictions and claims seeking damages for denial of access to a law library. Because there is no indication that the convictions have been set aside, Michau's § 1983 claims springing from the state convictions cannot proceed. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." (footnote omitted)). Michau's denial-of-access claims also fail, because his complaints do not specifically explain how he was injured by any

limitations on his access to the law library. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (explaining that for plaintiff to state a claim for denial of access to courts, it is not enough to show that the "prison's law library or legal assistance program is subpar in some theoretical sense"; a plaintiff must demonstrate actual injury by "demonstrat[ing] that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim"); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc) ("The district court also properly dismissed Cochran's claim that prison officials infringed his right of access to the courts. In making such a claim, a prisoner cannot rely on conclusory allegations. Specificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations." (citation omitted)).

Because the district court did not abuse its discretion by dismissing Michau's complaints under 28 U.S.C.A. § 1915(e)(2)(B), the court's error in treating Michau as a prisoner within the meaning of the PLRA is harmless. Accordingly, we hereby affirm the decision of the district court.

*AFFIRMED*