**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-6786**

ROGER HICKS, as court appointed guardian on
behalf of Rudy Hicks; RUDY HICKS,

Plaintiffs - Appellants,

versus

J. R. JAMES, Warden, Federal Bureau of
Prisons, Butner, NC; ROBERT G. LUCKING,
Psychiatrist, FBP, Butner, NC; MITCHELL
SPRINKLE, Case Manager, Mental Health, FBP,
Butner, NC; EDWARD E. LANDIS, III, Ph.D., FBP,
Butner, NC; JOHN DOE I, Warden, FBP McKean;
SUSAN BATES, ED.D., FBP McKean; WALTER L.
RINEHART, Psychiatrist, FBP McKean,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Louise W. Flanagan, Chief
District Judge. (5:05-ct-00414-FL)

Submitted: July 31, 2007          Decided: November 28, 2007

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

Richard L. Baumgarten, Buffalo, New York, for Appellants. George
E. B. Holding, United States Attorney, R. A. Renfer, Jr., Anne M.
Hayes, Assistant United States Attorneys, Raleigh, North Carolina,
for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rudy Hicks, through his court appointed guardian, Roger Hicks, appeals the dismissal of his complaint filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The district court dismissed Hicks' claim that he was denied medical and psychiatric treatment while incarcerated due to his failure to exhaust his administrative remedies. As for Hicks' allegation that he was placed in solitary confinement without cause, the district court dismissed the claim on the ground that Hicks did not possess a liberty interest in avoiding confinement in segregation. Finally, the district court, having interpreted Hicks' complaint as challenging his confinement, concluded that such an action must be brought through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (2000). For the reasons set forth below, we vacate the dismissal of Hicks' claim that he was denied medical treatment while incarcerated at the Federal Correctional Institution in Butner, North Carolina (FCI-Butner), and remand for further proceedings. We affirm the district court's dismissal of Hicks' remaining claims, albeit on somewhat different grounds.

I

In August 1995, Hicks pled guilty to solicitation to commit a crime of violence and was sentenced to eighty months'

incarceration.  In January 1999, Hicks was transferred from the Federal Correctional Institution in McKean, Pennsylvania, to FCI-Butner, in North Carolina, after being diagnosed with paranoid schizophrenia.  Hicks was scheduled for release from prison in February 1999; however, before the expiration of his sentence, officials filed a motion pursuant to 18 U.S.C. § 4246(a) (2000), asking the district court to determine whether Hicks was suffering from a mental disease that would create a substantial risk of harm to others if he were to be released.  In April 1999, the district court concluded that Hicks was suffering from a mental disease sufficient to prevent his release, and pursuant to § 4246(d), ordered that Hicks be committed to the custody of the Attorney General until a state would assume responsibility for his custody and treatment.  Hicks remained at the Federal Medical Center at FCI-Butner until he was transferred to the New York State Psychiatric Center in August 2000.

In January 2004, Hicks filed the subject <u>Bivens</u> action against J.R. James, the warden for FCI-Butner, as well as six other individuals (collectively, "Defendants") who worked at FCI-Butner and FCI-McKean.  In his complaint, Hicks claimed that Defendants subjected him to cruel and unusual punishment, in violation of the Eighth Amendment, by completely denying him medical care and treatment for his mental illness while at FCI-McKean from 1997 to 1999.  Hicks contended that he became psychotic in 1997 and that he

was placed in solitary confinement for a two-year period for no reason other than his mental illness, as Defendants deemed him to be "non-compliant" in taking his medication. Hicks asserted that as a result of Defendants' actions, he was "wrongly transferred" to FCI-Butner in January 1999 and unlawfully imprisoned in a mental institution for two years after the expiration of his original criminal sentence. Additionally, Hicks claimed that between January 1999 and April 1999, he was also subjected to solitary confinement and denial of medical care at FCI-Butner.

Following the transfer of Hicks' case to the Eastern District of North Carolina,[1] Defendants filed a motion to dismiss and for summary judgment. In March 2006, the district court granted Defendants' motion and dismissed the case. Hicks timely appealed.

## II

The district court construed Hicks' complaint as raising a <u>Bivens</u> claim regarding his incarceration at FCI-McKean and a challenge to his confinement at FCI-Butner. The court held that because Hicks' confinement at FCI-Butner was not pursuant to a federal criminal sentence, any action for unlawful confinement had

---

[1]Hicks originally filed his <u>Bivens</u> action in the Western District of New York; however, that court subsequently transferred Hicks' action to the Eastern District of North Carolina on grounds of improper venue and lack of personal jurisdiction over the Defendants.

to be brought pursuant to 28 U.S.C. § 2241. Hicks' claim for "unlawful confinement" as to the FCI-Butner Defendants is somewhat unclear, as the allegations are mostly a repetition of Hicks' Eighth Amendment claim against the FCI-McKean Defendants. However, it is clear that Hicks' complaint did not raise a habeas corpus claim, as Hicks was on conditional release from his civil commitment at the time his complaint was filed, and the only remedy he sought was monetary damages. Therefore, we hold that Hicks was not required to bring his "unlawful confinement" claim by way of a § 2241 motion; the claim is properly considered a <u>Bivens</u> action against the Defendants at FCI-Butner.[2]

### III

As to the FCI-Butner Defendants, the district court dismissed Hicks' claim that he was denied medical and psychiatric treatment at FCI-Butner on the ground that Hicks had failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing any action under federal law with respect to confinement. 42 U.S.C. § 1997e(a) (2000). Pursuant to § 1997e(a),

---

[2]The North Carolina district court lacked personal jurisdiction over the FCI-McKean Defendants, and we affirm on that basis the dismissal of the complaint as to those Defendants. <u>See</u> N.C. Gen. Stat. § 1-75.4 (2005); <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985); <u>Christian Science Bd. of Dir. v. Nolan</u>, 259 F.3d 209, 215 (4th Cir. 2001).

the exhaustion requirement is applicable to <u>Bivens</u> claims. <u>See</u>
<u>Steele v. Fed. Bureau of Prisons</u>, 355 F.3d 1204, 1214 (10th Cir.
2003), <u>abrogated on other grounds by</u> <u>Jones v. Bock</u>, 127 S. Ct. 910
(2007); <u>Booth v. Churner</u>, 206 F.3d 289, 291 (3d Cir. 2000). The
PLRA defines a prisoner as "any person incarcerated or detained in
any facility who is accused of, convicted of, sentenced for, or
adjudicated delinquent for, violations of criminal law or the terms
and conditions of parole, probation, pretrial release, or
diversionary program." 42 U.S.C. § 1997e(h).

At the time the subject complaint was filed in 2004,
Hicks was on conditional release from his civil commitment.
Moreover, during the time of the challenged actions by the FCI-
Butner Defendants, Hicks was no longer incarcerated pursuant to his
original conviction and sentence; rather, Hicks was being detained
pursuant to 18 U.S.C. § 4246, which allows for civil commitment of
individuals who have been found to present a danger to society due
to mental defect or disease. Because Hicks' detention under § 4246
is not the result of a violation of criminal law and does not
relate to conditions of parole, probation, pretrial release, or a
diversionary program, he does not meet the PLRA's definition of
prisoner. <u>See</u> <u>Michau v. Charleston County</u>, 434 F.3d 725, 727-728
(4th Cir. 2006); <u>see also</u> <u>Perkins v. Hedricks</u>, 340 F.3d 582, 583
(8th Cir. 2003); <u>Troville v. Venz</u>, 303 F.3d 1256, 1260 (11th Cir.
2002); <u>Kolocotronis v. Morgan</u>, 247 F.3d 726, 728 (8th Cir. 2001);

- 7 -

Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000).  Because

Hicks was not a prisoner pursuant to § 1997e(a), he was not

required to exhaust his administrative remedies before bringing his

Bivens claims.


IV

Following its dismissal of Hicks' claim of medical

deprivation, the district court found meritless Hicks' claim that

he had been placed in solitary confinement without cause, as Hicks

did not possess a liberty interest in avoiding confinement in

segregation.  In his complaint, Hicks contended that the imposition

of solitary confinement and denial of medical treatment amounted to

cruel and unusual punishment in violation of the Eighth Amendment.

However, Hicks was detained at FCI-Butner for treatment rather than

for the purpose of punishment stemming from a criminal conviction.

Accordingly, the Eighth Amendment, which is not available for

challenges to the conditions of civil commitment, does not apply to

his claim.[3]  See Hydrick v. Hunter, 466 F.3d 676, 695-96 (9th Cir.

2006); Revels v. Vincenz, 382 F.3d 870, 874 (8th Cir. 2004) (citing

Youngberg v. Romeo, 457 U.S. 307, 324-25 (1982)); see also Brown v.

Harris, 240 F.3d 383, 388 (4th Cir. 2001).  As a federal civil

---

[3]The Eighth Amendment is applicable to Hicks' claims regarding his incarceration at FCI-McKean, as Hicks was still serving his criminal sentence at that time.  However, as explained supra, the North Carolina district court did not have personal jurisdiction over the FCI-McKean Defendants.

- 8 -

detainee, Hicks' claim properly arises under the Due Process Clause of the Fifth Amendment; nevertheless, the legal standard employed for civil commitment claims under the Due Process Clause is largely the same as that used in analyzing prisoners' Eighth Amendment claims. See Hydrick, 466 F.3d at 696; Revels, 382 F.3d at 874-75; Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 842-43 (6th Cir. 2002); Brown, 240 F.3d at 388.

To state a claim that detention conditions violate constitutional requirements, a petitioner must demonstrate "both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." In re Long Term Administrative Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 471 (4th Cir. 1999) (internal quotation marks and citation omitted). To demonstrate that conditions in solitary confinement deprived him of a basic human need, a plaintiff must allege that officials failed to provide him with humane conditions of confinement, including "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994); see also Wilson v. Seiter, 501 U.S. 294, 304 (1991). A plaintiff must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged condition. See Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993).

According to his complaint, the FCI-Butner Defendants subjected Hicks to the same violations of his constitutional rights that he had faced at FCI-McKean, placing him in solitary confinement "throughout the entire periods of January, 1999 through April, 1999 for no other reason but for [his] mental illness," and denying proper medical treatment for his psychological condition. To demonstrate that Defendants were deliberately indifferent to his medical needs, Hicks must demonstrate that the treatment was so "grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Prison officials evince deliberate indifference to a serious medical need by completely failing to consider an inmate's complaints or by acting intentionally to delay or deny the prisoner access to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference may be demonstrated by actual intent or reckless disregard; however, mere negligence or medical malpractice does not suffice. See Miltier, 896 F.2d at 851.

In this case, viewing the factual allegations in the light most favorable to Hicks, the FCI-Butner Defendants may have been deliberately indifferent to Hicks' mental health, as he alleges he was placed in solitary confinement without any further attention to his psychological condition. Cf. Five Percenters, 174 F.3d at 472 (no finding of deliberate indifference where

- 10 -

administrative segregation procedures provided for periodical medical visits and referral of inmates displaying mental health problems). Hicks did not allege mere negligence in care, but rather claimed that the Defendants ignored his deteriorating mental health and failed to provide necessary medical treatment. See Estelle, 429 U.S. at 106; Miltier, 896 F.2d at 851. Therefore, we find that the district court erred in dismissing Hicks' claim, as Hicks sufficiently alleged a Fifth Amendment violation to proceed beyond summary judgment.

Accordingly, we vacate the judgment of the district court and remand for further proceedings regarding Hicks' claim of denial of medical treatment by the FCI-Butner Defendants in violation of the Fifth Amendment. We affirm the judgment of the district court as to Hicks' remaining claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART