# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1304
_____

Sammy Pendleton

*Plaintiff - Appellant*

v.

Linda Sanders, Warden

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: June 28, 2014
Filed: July 31, 2014
[Unpublished]
_____

Before LOKEN, SMITH, and KELLY, Circuit Judges.
_____

PER CURIAM.

Sammy Lee Pendleton appeals the district court's preservice dismissal of his complaint. Currently before the court is Pendleton's motion for leave to proceed in forma pauperis. We grant Pendleton's motion for leave to proceed in forma pauperis and summarily affirm the district court. *See* 8th Cir. R. 47A(a).

Pendleton is civilly committed at the United States Medical Center for Federal Prisoners (USMCFP) in Springfield, Missouri. Pendleton sued Warden Linda Sanders of the USMCFP, asserting that Sanders had failed to pay Pendleton $465 million as a result of a non-existent Supreme Court ruling. The district court dismissed Pendleton's frivolous complaint preservice under the authority of 28 U.S.C. § 1915A, a provision of the Prison Litigation Reform Act (PLRA). Section 1915A allows a district court to dismiss "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" when the prisoner asserts a frivolous claim.

We agree with the district court's conclusion that Pendleton's complaint is frivolous; however, the district court erroneously invoked the authority of § 1915A as the vehicle for dismissal. For purposes of § 1915A, "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c). We have previously determined that a civilly committed plaintiff does not qualify as a "prisoner" under the PLRA. *Perkins v. Hedricks*, 340 F.3d 582, 583 (8th Cir. 2003) (per curiam) ("Perkins appears to be civilly committed and is thus not a prisoner within the meaning of the PLRA."); *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001).

Nonetheless, we affirm the district court's decision to dismiss Pendleton's complaint preservice because any error in invoking the authority of § 1915A was harmless. *See Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (affirming a district court's decision to dismiss a civilly committed plaintiff's complaint under § 1915A because the district court also invoked the authority of 28 U.S.C. § 1915(e)(2)(B), rendering any error "harmless"). Section 1915(e)(2)(B) allows the district court to dismiss an in forma pauperis plaintiff's complaint at any time if the action is frivolous. Pendleton proceeded in forma pauperis before the

district court, so the district court could have relied alternatively on § 1915(e)(2)(B) to dismiss Pendleton's complaint. Because the district court would certainly do so immediately upon remand, the district court's erroneous reliance on § 1915A is harmless.

Consequently, we affirm the judgment of the district court.

_____