Keith Stanley YOUNG, Appellant,

v.

Bill ARMONTROUT, Warden, Appellee.

No. 85–1689.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1986.

Decided July 8, 1986.

Thomas J. Burnside, St. Louis, Mo., for appellant.

Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ROSS, Circuit Judge.

Keith Young appeals from the dismissal of his petition for a writ of habeas corpus. We vacate the dismissal and remand for further proceedings.

## FACTS

Young is presently incarcerated in the Missouri State Penitentiary. He is serving prison sentences totaling forty-four years for convictions rendered in two separate jury trials on counts of rape, sodomy, felonious restraint, and stealing. His convictions were affirmed on direct appeal. *State v. Young*, 643 S.W.2d 28 (Mo.App. 1982); *State v. Young*, 661 S.W.2d 637 (Mo.App.1983).

Without the aid of counsel, Young submitted a habeas corpus petition to the federal district court for in forma pauperis filing. His asserted ground for relief was:

"Failure to treat, psychiatric services * * * [are] not being provided to the petitioner as to violate his Eighth Amendment rights against cruel and unusual punishment." His supporting facts were stated as follows: "That * * * [he was] sentenced to [a] prison term of 44 years under Section 589.-040 R.S.Mo.1984[1] which clearly contemplated that rehabilitative treatment be concomitant with the sentence, that respondents should be directed to afford the relater [sic] treatment consistent with his sentence, or if such treatment not be readily available at Missouri State prison to transfer the relater [sic] to a correctional prison where treatment is available or to release him." An addendum to the petition stated facts establishing that he had exhausted this claim in state court.

The district court permitted Young to file his petition on an in forma pauperis basis. The court then dismissed Young's petition without an evidentiary hearing, stating: "The petition alleges that Petitioner is not receiving psychiatric services which he believes he should be receiving as part of his original sentence. State sentencing schemes do not raise constitutional issues cognizable in federal habeas corpus proceedings except in exceptional circumstances. * * *; *Niemann v. Parrott*, 596 F.2d 316, 317 (8th Cir.1979). Such extraordinary circumstances are not present in this case." Order, January 31, 1985. When the court later denied Young's petition for a certificate of probable cause, it further explained: "Petitioner is not attacking the actual imposition of sentence or its length, but rather through self-diagnosis feels that the sentence should have included psychiatric care. The imposition of sentence is a discretionary act, limited only in length of time to be served and/or amount of fine by specific statutes. Petitioner may believe he deserves a different type of sentence, but variations of sentence are left to the trial judge's discretion." Order, June 4, 1985. This court subsequently issued a certificate of probable cause.

On appeal, Young contends that the facts alleged in his petition were sufficient to entitle him to an evidentiary hearing on whether his eighth amendment right to adequate psychiatric care has been violated. He also argues that he was legally incompetent to stand trial and that his court-appointed defense attorney failed to provide him with effective assistance of counsel. These latter two grounds for relief were first raised in a letter brief to this court in February of 1985; the grounds had not been raised in Young's petition. Young's petition did mention, however, that he had filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 27.-26, that the motion raised an ineffective assistance of counsel claim, that the motion had been dismissed, and that an appeal of that dismissal was pending in state court. The ineffective assistance of counsel claim and the incompentency to stand trial issue are therefore not ripe for decision at this time.

## DISCUSSION

Viewing Young's petition as an attack on the state sentence, the district court was correct in dismissing Young's petition. But reading Young's petition liberally, as is required in this case, it is apparent that Young has also raised a potentially viable eighth amendment claim based on a "deliberate indifference to serious medical needs [ (here, psychiatric treatment) ] of [a] prisoner[ ]." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). We therefore instruct the district court on remand to treat Young's petition as a complaint filed under 42 U.S.C. § 1983. Leave to amend the complaint shall be granted liberally as justice requires.

In accordance with the above, the district court's dismissal of Young's petition is vacated and the case is remanded for proceedings not inconsistent with this opinion.

---

1. This citation was crossed out in the petition.