# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2361

_____

Thomas James Papantony,      *
     *
         Appellant,      *
     *    Appeal from the United States
     v.      *    District Court for the Western
     *    District of Missouri.
Bill Hedrick, Warden, United States      *
Medical Center for Federal Prisoners,      *      [PUBLISHED]
     *
         Appellee.      *

_____

Submitted:  April 10, 2000

Filed:  June 21, 2000

_____

Before RICHARD S. ARNOLD, BEAM, and MORRIS SHEPPARD ARNOLD,
     Circuit Judges.

_____

PER CURIAM.

Thomas James Papantony was charged with being a felon in possession of a firearm.  In November 1997, he was found incompetent to stand trial and was committed to a federal mental health center.  At the federal mental health center, he was diagnosed with delusional disorder and treated against his will with antipsychotic drugs.  Papantony then filed a pro se petition for a writ of habeas corpus, claiming a violation of his substantive right under the Due Process Clause not to be forcibly

administered antipsychotic drugs to render him competent to stand trial. The district court dismissed his petition, and Papantony appeals.

Initially, we conclude the petition was properly dismissed because the requested remedy would provide no relief from the alleged constitutional violation. Papantony now voluntarily takes the antipsychotic drugs, so there is no longer any forced administration. It also does not appear Papantony will be brought to trial because the government is attempting to place him in an Illinois state hospital facility. Lastly, Papantony does not argue the alleged constitutional violation entitles him to release from the federal mental health center. So, Papantony's habeas petition is properly dismissed because granting the petition would be meaningless. See, e.g., Allen v. Duckworth, 6 F.3d 458, 460 (7th Cir. 1993).

In dismissing the habeas petition, we recognize the legality of the initial forced medication remains unresolved. We also recognize Papantony is a pro se petitioner and, as such, should not unreasonably be subjected to stringent procedural niceties. See, e.g., Miles v. Ertl Co., 722 F.2d 434 (8th Cir. 1983). These factors lead us to conclude Papantony's petition should be broadly interpreted as a request for any remedy available in a challenge of the initial forced medication. See Young v. Armontrout, 795 F.2d 55, 56 (8th Cir. 1986) (liberally construing pro se habeas petition as a civil rights complaint under 42 U.S.C. § 1983). Thus, we construe Papantony's complaint as a Bivens[1] action for damages resulting from an alleged violation of his substantive due process right not to be forcibly administered antipsychotic drugs to render him competent for trial.

At this point, we generally would remand the case to the district court to address Papantony's Bivens claim. See Young, 795 F.2d at 56. In this instance, however,

---

[1]Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (allowing cause of action for constitutional violations by federal officers).

remand is unnecessary because a cursory review reveals his claim would fail as a matter of law.

Papantony's claim is most obviously flawed because the government officials involved in the forced administration of the antipsychotic drugs are immune from suit. A government official is immune from a <u>Bivens</u> suit unless the official's conduct violates a clearly established constitutional right. <u>See</u> <u>Buckley v. Rogerson</u>, 133 F.3d 1125, 1128 (8th Cir. 1998). In Papantony's case, the constitutional right is far from clearly established. In fact, Papantony, as a pre-trial detainee, likely has no substantive due process right not to be forcibly administered antipsychotic drugs to render him competent for trial. <u>See</u> <u>Riggins v. Nevada</u>, 504 U.S. 127, 135-36 (1992) (suggesting that if medically appropriate, it would be acceptable for the government to forcibly medicate pre-trial detainee with antipsychotic drugs to obtain competency for trial); <u>but see</u> <u>id.</u> at 138-39 (suggesting that absent extraordinary circumstances the Due Process Clause prohibits the government from forcibly medicating pre-trial detainee with antipsychotic drugs to obtain competency for trial) (Kennedy, J., concurring). Thus, we reject Papantony's <u>Bivens</u> claim.

Finally, although we reject any remedy for Papantony at this time, circumstances could change and antipsychotic drugs might eventually render Papantony competent to stand trial. If that occurs, this decision will not foreclose a future argument by Papantony that forced medication during trial violates his constitutional right to a fair trial. <u>See generally</u> <u>United States v. Morgan</u>, 193 F.3d 252, 264-65 (4th Cir. 1999) (upholding forced administration of antipsychotic drugs to pre-trial detainee but noting that if drugs rendered detainee competent, constitutional right to fair trial would still be an open question).

The district court's judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.