# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3859

_____

| | | |
|---|---|---|
| Raymond Gearhart, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Marty C. Anderson, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: May 6, 2011
Filed: June 16, 2011

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Raymond Gearhart is involuntarily committed under 18 U.S.C. § 4246, and is confined at the United States Medical Center for Federal Prisoners in Springfield, Missouri. He filed this pro se civil action complaining, among other things, that he was being forced to take antipsychotic drugs. The district court construed the action as a petition for a writ of habeas corpus and denied relief after considering the government's evidence. To the extent that Mr. Gearhart's pleadings sounded in habeas corpus, we agree that his custody was lawful for the reasons the district court stated.

As we review Mr. Gearhart's filings, however, we conclude that the gravamen of his complaint was a challenge to the lawfulness of his forced medication, which could be raised as a <u>Bivens</u>[1] action, <u>see</u> <u>Papantony v. Hedrick</u>, 215 F.3d 863, 864-65 (8th Cir. 2000) (per curiam), or as a constitutional claim for injunctive relief, <u>see</u> <u>Simmat v. U.S. Bureau of Prisons</u>, 413 F.3d 1225, 1231-32, 1236 (10th Cir. 2005); <u>see also</u> <u>Washington v. Harper</u>, 494 U.S. 210 (1990). Thus, we remand for the district court to consider such claims after affording Mr. Gearhart an opportunity to amend his complaint. <u>Cf.</u> <u>Young v. Armontrout</u>, 795 F.2d 55, 56 (8th Cir. 1986) (remanding to district court with instructions to treat pro se habeas petition as 42 U.S.C. § 1983 complaint and to grant leave to amend complaint liberally as justice requires).

Accordingly, we affirm the district court's denial of habeas relief, and otherwise remand for further proceedings consistent with this opinion.

_____

---

[1]<u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).