*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 11a0190p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

STANLEY T. ADAMS,

        *Petitioner-Appellee,*

     *v.*

MARGARET BRADSHAW, Warden,

        *Respondent-Appellant.*

No. 10-4281

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 05-01886—David A. Katz, District Judge.

Decided and Filed: July 19, 2011

Before: SILER, COLE, and WHITE, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Thomas E. Madden, Stephen E. Maher, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Petitioner. Spiros P. Cocoves, Toledo, Ohio, Jeffrey J. Helmick, HELMICK & HOOLAHAN, Toledo, Ohio, for Respondent.

_____

**OPINION**

_____

PER CURIAM. We remanded this 28 U.S.C. § 2254 habeas corpus case to the district court for factual development of Ohio death-row inmate Stanley Adams's claim that Ohio's lethal-injection procedures violated his Eighth Amendment rights. Upon remand, Warden Margaret Bradshaw moved to dismiss for lack of jurisdiction. Relying on *Hill v. McDonough*, 547 U.S. 573 (2006), the Warden argued that federal courts lack jurisdiction to consider Adams's lethal-injection claim under § 2254 and that such a

claim is cognizable only under 42 U.S.C. § 1983.  The district court denied the motion, and we granted the Warden's petition for leave to file this interlocutory appeal.

As the Supreme Court noted in *Hill*, "'[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" 547 U.S. at 579 (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973))).  "Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  However, a prisoner's "challenge to the circumstances of his confinement . . . may be brought under § 1983."  *Hill*, 547 U.S. at 579 (citing *Muhammad*, 540 U.S. at 750).

The issue presented in *Hill* was whether a death-row prisoner's "challenge[] [to] the constitutionality of a three-drug sequence" used to execute capital inmates in Florida "*must* be brought by an action for a writ of habeas corpus under the statute authorizing that writ, 28 U.S.C. § 2254, or whether it *may* proceed as an action for relief under 42 U.S.C. § 1983." *Id.* at 576 (emphasis added).  In concluding that it may proceed under § 1983, the Court noted that, "as in *Nelson*, Hill's action if successful would not necessarily prevent the State from executing him by lethal injection." *Id.* at 580.  Hill conceded that "other methods of lethal injection the Department could choose to use would be constitutional," and the respondents did not argue that "granting Hill's injunction would leave the State without any other practicable, legal method of executing Hill by lethal injection." *Id.*  Further, Florida statutory law did not require the State to use the challenged procedure. *Id.*  Accordingly, "[u]nder these circumstances a grant of injunctive relief could not be seen as barring the execution of Hill's sentence." *Id.* at 581.  Implicit in this conclusion was that § 1983 was an appropriate vehicle for bringing Hill's challenge.

In *Nelson*, a death-row inmate filed a civil rights action under § 1983, "alleging that the use of a 'cut-down' procedure to access his veins would violate the Eighth Amendment." *Nelson*, 541 U.S. at 639.  Although the Court concluded that such a challenge could be pursued through a § 1983 claim, it declined to resolve "the difficult

question of how to categorize method-of-execution claims  generally." *Id.* at 644. It did, however, note that if the procedure at issue "were a statutorily mandated part of the lethal injection protocol, or if as a factual matter petitioner were unable or unwilling to concede acceptable alternatives" for the procedure, the Warden would have a "stronger argument that success on the merits, coupled with injunctive relief, would call into question the death sentence itself," thereby requiring the petitioner to challenge the procedure through a habeas petition. *Id.* at 645.

The Warden's contention that *Hill* "holds that a challenge to the particular means by which a lethal injection is to be carried out is non-cognizable in habeas" is too broad. Nowhere in *Hill* or *Nelson* does the Supreme Court state that a method-of-execution challenge is not cognizable in habeas or that a federal court "lacks jurisdiction" to adjudicate such a claim in a habeas action.  Whereas it is true that certain claims that can be raised in a federal habeas petition cannot be raised in a § 1983 action, *see Preiser*, 411 U.S. at 500, it does not necessarily follow that any claim that can be raised in a § 1983 action cannot be raised in a habeas petition, *see Terrell v. United States*, 564 F.3d 442, 446 n.8 (6th Cir. 2009).  Moreover,  *Hill* can be distinguished from this case on the basis that Adams has not conceded the existence of an acceptable alternative procedure. *See* 547 U.S. at 580.  Thus, Adams's lethal-injection claim, if successful, could render his death sentence effectively invalid.  Further, *Nelson*'s statement that "method-of-execution challenges[] fall at the margins of habeas," 541 U.S. at 646, strongly suggests that claims such as Adams's can be brought in habeas.

Accordingly, we **AFFIRM** the district court's September 8, 2009 order insofar as it denies the Warden's motion to dismiss Adams's lethal-injection claim for lack of jurisdiction.  The case is **REMANDED** to the district court in accordance with this court's February 13, 2009 order.