# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3460

_____

Addones Spencer

*Plaintiff - Appellant*

v.

Anthony Haynes, Disciplinary Hearing Officer, FCI - Forrest City

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

_____

Submitted: September 10, 2014
Filed: December 17, 2014

_____

Before RILEY, Chief Judge, SMITH and KELLY, Circuit Judges.

_____

SMITH, Circuit Judge.

Addones Spencer appeals the district court's order dismissing his habeas corpus petition alleging a conditions-of-confinement claim against his former custodian, Anthony Haynes, the former Warden of the Federal Correctional Institution - Forrest City. Our precedent precludes conditions-of-confinement claims using the vehicle of a habeas petition. The district court applied our precedent and dismissed Spencer's

claim. However, the court dismissed the claim without prejudice. We hold that the district court should have liberally construed Spencer's pro se habeas petition and given Spencer the option to pursue the claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). We remand for further proceedings consistent with this opinion.

## I. *Background*

While an inmate in Federal Correctional Institution - Forrest City,[1] Spencer was assigned a cell for a medical assessment. Correctional Officer Lieutenant Mark A. Sheldon entered the cell to assist staff with checking Spencer's restraints. Spencer backed himself into a corner, was verbally abusive, and claimed he did not need a medical assessment. Staff members told Spencer to sit down on the bunk, but Spencer was uncooperative and aggressively resisted the staff. While Spencer was forcibly being placed on the bed, he bit Sheldon's abdomen. Spencer was then placed in "four-point" restraints around 9:10 a.m. and was not removed from those restraints until 3:45 p.m. the following day according to Bureau of Prisons documents.[2] After a hearing, the Disciplinary Hearing Officer found that Spencer assaulted Sheldon and disciplined Spencer with losses of privileges.[3]

---

[1]Spencer has since been moved from this facility and he currently is in the custody of United States Prison Beaumont in Beaumont, Texas.

[2]Spencer alleges in his habeas petition that he was restrained for "3 to 4 days without food or water," that he had to move his bowels while in the restraints, and that he had to lay in his own body waste. These allegations were not consistent with the district court's findings, so we do not address them here.

[3]The loss of privileges included 45 days of disciplinary segregation, a loss of 365 days of commissary privileges, phone privileges, and visitation privileges, a disallowance of 27 days of good conduct time, and a forfeiture of 27 days of non-vested good conduct time. Good conduct time usually refers to a sentence reduction given to prisoners who maintain good conduct. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (stating "a § 2241 action challenging

Spencer brought a petition for habeas corpus alleging, among other things, a Fifth Amendment due process violation for being put in four-point restraints without being afforded a hearing. The district court never reached the merits of this claim, but instead dismissed the habeas petition without prejudice because it concluded that conditions-of-confinement claims cannot be raised in the context of habeas petitions.[4]

On appeal, we appointed counsel for Spencer and requested briefing on (i) whether this court has jurisdiction to consider habeas petitions under 28 U.S.C. § 2241 that combine unlawful custody claims with unrelated conditions-of-confinement claims, and if not, (ii) whether the proper disposition is to dismiss the latter without prejudice, or liberally construe the pro se petition and decide the conditions-of-confinement claims under *Bivens* principles.

## II. *Discussion*
### A. *§ 2241 Jurisdiction*

"We review the district court's dismissal of a § 2241 petition *de novo*." *Flowers v. Anderson*, 661 F.3d 977, 980 (8th Cir. 2011) (emphasis in original) (citing *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010)). As we stated in *Kruger v. Erickson*, "[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973)). Spencer does not challenge his conviction,

---

prison disciplinary proceedings, such as the deprivation of good-time credits, is not challenging prison conditions, it is challenging an action affecting the fact or duration of the petitioner's custody"). Spencer has not appealed the dismissal of his lost-privileges claims nor challenged the validity of the disciplinary hearing.

[4]A magistrate judge fully articulated this finding and made the recommendation to the district court to dismiss the habeas petition, and the district court adopted the magistrate's findings and recommendations in full.

nor does he seek a remedy that would result in an earlier release from prison. Rather, Spencer argues on appeal that being put in four-point restraints for such an extended period of time violated his Eighth Amendment right against cruel and unusual punishment.[5] As such, Spencer's constitutional claim relates to the conditions of his confinement. *See, e.g.*, *Key v. McKinney*, 176 F.3d 1083, 1085–86 (8th Cir. 1999) (finding that a prisoner's allegation of an unconstitutional use of handcuff restraints and leg shackles for 24 hours was a conditions-of-confinement claim and alleged a violation of the prisoner's Eighth Amendment rights). Consequently, a habeas petition is not the proper claim to remedy his alleged injury.

The Supreme Court's *Preiser* decision left open "the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement." *Bell v. Wolfish*, 441 U.S. 520, 526 n.6 (1979). As a result, a split has arisen amongst our sister circuits on this issue.[6]

---

[5]Spencer's original habeas petition in the district court alleged a Fifth Amendment due process violation for being put into the four-point restraints without a hearing. On appeal, however, it appears that Spencer now asserts exclusively that being put in the restraints for an extended period violated his Eighth Amendment rights against cruel and unusual punishment.

[6]As outlined extensively in *Aamer v. Obama*, 742 F.3d 1023 (D.C. Cir. 2014) the courts of appeals are divided on whether habeas petitions are appropriate procedural vehicles by which to remedy conditions-of-confinement claims. *Id.* at 1036–38. The D.C. Circuit, the Second Circuit, the Third Circuit, the Fourth Circuit, and the Sixth Circuit firmly stand in the camp of allowing conditions-of-confinement claims to be brought in the habeas corpus context, with the First Circuit contributing dictum to this view. *See id.*, 742 F.3d at 1026, 1035–36 (finding that prisoners bringing a conditions-of-confinement claim where they were force-fed while attempting a hunger strike was appropriate under a habeas petition); *Adams v. Bradshaw*, 644 F.3d 481, 482–83 (6th Cir. 2011) (per curiam) (holding that a state prisoner's Eighth Amendment challenge to the state of Ohio's lethal injection procedures was appropriate in the context of a habeas petition)*; Thompson v. Choinski*, 525 F.3d 205, 206, 209 (2d Cir. 2008) (holding that a prisoner's conditions-

Notwithstanding, we are bound by our post-*Preiser* precedent. *See Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011). We, therefore, apply our precedent in *Kruger*, which is consistent with the holdings of the Fifth Circuit, the Seventh Circuit,[7] the Ninth Circuit,[8] and the Tenth Circuit,[9] with the Eleventh Circuit

---

of-confinement claim was appropriate under a habeas petition where he was denied access to the prison library, denied kosher food, and contested prison discipline) (citing *Jiminian v. Nash*, 245 F.3d 144, 146 (2d. Cir. 2001) ("A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.") (emphasis in original)); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242 n.5, 243 (3d Cir. 2005) (holding that a prisoner's challenge to regulations limiting the opportunity for placement in community confinement could proceed by way of habeas corpus "even if what is at issue . . . is 'conditions of confinement.'"); *McNair v. McCune*, 527 F.2d 874, 875 (4th Cir. 1975) (per curiam) ("We hold there is federal habeas corpus jurisdiction over the complaint of a federal prisoner who is challenging not the validity of his original conviction, but the imposition of segregated confinement without elementary procedural due process and without just cause."); *see also United States v. DeLeon*, 444 F.3d 41, 59 (1st Cir. 2006) (stating in dictum "[i]f the conditions of incarceration raise Eighth Amendment concerns, habeas corpus is available").

[7]*Glaus v. Anderson*, 408 F.3d 382, 386–88 (7th Cir. 2005) (holding that a prisoner's request to be transferred to a prison facility that could give him proper medical treatment for Hepatitis C was inappropriate under a habeas petition because it was a conditions-of-confinement claim).

[8]The weight of Ninth Circuit precedent disapproves of using habeas petitions for conditions-of-confinement claims. *See Docken v. Chase*, 393 F.3d 1024, 1031 (9th Cir. 2004); *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003); *Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997); *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997); *Crawford v. Bell*, 599 F.2d 890, 891–92 (9th Cir. 1979).

[9]*Montez v. McKinna*, 208 F.3d 862, 864 (10th Cir. 2000) (holding that a prisoner's allegation that being moved between several prison institutions violated his Constitution rights was appropriate under a habeas petition because it was a hybrid

contributing to this view in an unpublished decision. *See, e.g.*, *Cook v. Hanberry*, 592 F.2d 248, 248 (5th Cir. 1979) (per curiam) (finding that a prisoner's request for transfer back to a West Coast facility where he was previously incarcerated could not be brought under a habeas petition because "[h]abeas corpus is not available to prisoners complaining only of mistreatment" and "[t]he relief from [the petitioner's injury], [i]f proved, is in the form of equitably-imposed restraint, not freedom from otherwise lawful incarceration").

### B. *Liberal Treatment of Pro Se Habeas Petitions*

We construe Spencer's pro se petition liberally. Here, an appropriate construction would be to recharacterize Spencer's claim into the correct procedural vehicle for the claim asserted. In *Papantony v. Hedrick*, 215 F.3d 863 (8th Cir. 2000) (per curiam), we upheld a district court's dismissal of a habeas petition challenging forced medication; nevertheless, because "[w]e . . . recognize[d] [the petitioner] [was] a pro se petitioner and, as such, should not unreasonably be subjected to stringent procedural niceties," we construed the action as a *Bivens* claim. *Id.* at 865. Our decision in *Young v. Armontrout*, 795 F.2d 55 (8th Cir. 1986), is also informative. There, we remanded a habeas petition back to the district court to be considered as a complaint under 42 U.S.C. § 1983 because after "reading Young's petition liberally, as is required in this case, it is apparent that Young has also raised a potentially viable [E]ighth [A]mendment claim." *Id.* at 56. Spencer's habeas petition similarly raised potential Eighth Amendment violations. As in *Young*, the district court should have treated this case as a *Bivens* action as opposed to dismissing the petition without prejudice.

Finally, we approve the Seventh Circuit's wisdom outlined in *Robinson v. Sherrod*, 631 F.3d 839 (7th Cir. 2011). Thus, we think it appropriate to consider the

---

action that ultimately challenged "the fact or duration of [the petitioner's] confinement in Colorado").

potential detriment to habeas petitioners if district courts, sua sponte, transformed their habeas petitions into *Bivens* or § 1983 claims, and vice versa. *See id.* at 841. As a result, we think the better practice will be for district courts to first obtain the consent of the pro se individual before converting their claims from a habeas proceeding to a *Bivens* action.

## III. *Conclusion*

We reverse the district court's dismissal of Spencer's habeas petition because it seeks relief only for a conditions-of-confinement claim and we remand the case to the district court to reopen the matter and give Spencer an opportunity to pursue his claim as a *Bivens* suit if he so chooses.

—————————————————