# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1541

_____

Paul Payen

*Petitioner - Appellant*

v.

Hon. Warden B.R. Jett; Hon. Loretta E. Lynch, (U.S. Attorneys and Assistant U.S. Attorneys - A.U.S.A.'s - Hon. Charles Samuels Over the Entire FBOP); United States of America; Aliens, (Demons and Devils and U.F.O.'s) (Some Good and Some Evil); Area #51; Prophet Ezekiel's Wheel, Wheel with Rotating Lights Around it in Holy Bible - etc.; Reptoids and Reptillians of the Lower Fourth Dimension; New World Order of Satan - #666; Trilateral Commission & Council on Foreign Relations; Fall of Satanic - Same Sex Marriages

*Respondents - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: July 24, 2015
Filed: July 29, 2015
[Unpublished]

_____

Before GRUENDER, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Paul Payen, who is civilly committed and is presently confined at the Federal Medical Center in Rochester, Minnesota, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Upon careful review, we reverse in part, affirm in part, and remand the case for further proceedings.

In 1994, Payen was civilly committed pursuant to 18 U.S.C. § 4246. He was conditionally released in 1999. In 2009, his conditional release was revoked, and he was remanded to federal custody. After further proceedings, a May 2010 order was entered, directing the government to conduct an assessment of the continuing need for inpatient treatment and confinement of Payen. Nothing in the record indicates whether the assessment was thereafter conducted, or whether a court later recommitted Payen beyond the assessment period.[1]

In January 2015, Payen filed his section 2241 petition, which--although largely incoherent--named as a respondent the warden of his place of confinement, challenged his continued confinement, and specifically requested a hearing. The petition also challenged the constitutionality of the statutory basis for civil confinements in general, and included allegations suggesting that he had been forcibly administered psychotropic drugs. In dismissing Payen's section 2241 petition, the district court, by adopting the report and recommendations of a magistrate judge, reasoned that 18 U.S.C. § 4247(h) provided an alternative statutory remedy that precluded Payen's habeas claim challenging his continued confinement

---

[1]Specifically, we are unable to discern from the record whether, subsequent to the May 2010 order, a court determined that Payen's continued release would create a substantial risk and ordered that he be recommitted beyond the assessment period. Thus, it is unclear whether Payen is currently committed pursuant to any court order. *See* 18 U.S.C. § 4246(f) (setting forth procedure for revocation of conditional discharge; court shall, after hearing, determine whether person should be remanded to suitable facility on ground that, in light of his failure to comply with prescribed regimen of care or treatment, his continued release would create substantial risk of bodily injury to another person or serious damage to property of another).

and seeking a hearing, that his general challenge to the statutory scheme was foreclosed by controlling case law, and that his apparent conditions-of-confinement claim concerning psychotropic drugs should be brought in a civil rights action and thus was subject to dismissal without prejudice.

Upon careful review, *see United States v. Lurie*, 207 F.3d 1075, 1076 (8th Cir. 2000) (de novo standard of review), we disagree with the conclusion that Payen was precluded from bringing a habeas claim--for which the warden would be the proper respondent--challenging his continued confinement and seeking a hearing on that basis, *see* 18 U.S.C. § 4247(g) (nothing contained in, inter alia, § 4246 precludes person who is committed under section from establishing by writ of habeas corpus illegality of his detention); 28 U.S.C. § 2241(c)(3) (federal district court can consider petitioner's claim that he is in custody in violation of Constitution); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (federal habeas statute straightforwardly provides that proper respondent is person who has custody over petitioner; generally, petitioner's immediate custodian or warden of facility in which he is confined at time he filed habeas petition is only proper defendant); *Young v. Armontrout*, 795 F.2d 55, 56 (8th Cir. 1986) (pro se habeas petitions should be liberally construed).

In all other respects, we agree with the dismissal. Thus, we reverse as to the dismissal of Payen's claim against the warden challenging his continued confinement and seeking a hearing on that basis; we affirm in all other respects; and we remand the case to the district court for further proceedings consistent with this opinion.

_____