NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0295n.06

No. 17-4090

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 26, 2020
DEBORAH S. HUNT, Clerk

In re: KENNETH W. SMITH )
)
Movant. )
)
)

O R D E R

Before: MOORE, CLAY, and STRANCH, Circuit Judges.

PER CURIAM. Kenneth Smith, an Ohio death-row inmate represented by counsel, argues that his Second Amended and Supplemental Petition for Writ of Habeas Corpus ("Second Amended Petition") is not second or successive under 28 U.S.C. § 2244(b) and that he does not need authorization from us to file his Second Amended Petition in the district court.

An Ohio jury convicted Smith of two counts of aggravated felony-murder and two counts of aggravated robbery and sentenced him to death. Smith appealed his convictions and sentence, and the Supreme Court of Ohio affirmed. *State v. Smith*, 684 N.E.2d 668, 678 (Ohio 1997). In 1999, he filed in federal court a petition for a writ of habeas corpus, which the district court denied, and this court affirmed. *Smith v. Mitchell*, 567 F.3d 246, 254, 263 (6th Cir. 2009). Smith filed another habeas petition in 2012, which the district court transferred to this court to determine whether the petition was second or successive, and we then remanded to the district court to determine in the first instance whether the petition was second or successive. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012). The district court concluded that Smith's petition was not barred

as second or successive. *Smith v. Pineda*, No. 1:12-cv-196, 2012 WL 6021467, at *1 (S.D. Ohio Dec. 4, 2012).

In March 2017, Smith filed a motion seeking leave to file his Second Amended Petition, which raises four claims challenging his execution by lethal injection. The district court determined that the motion was the equivalent of a second or successive petition and transferred it to this court. *See Smith v. Pineda*, No. 1:12-cv-196, 2017 WL 2153898, at *5 (S.D. Ohio May 17, 2017); R. 113 (D. Ct. Transfer Order July 17, 2017). Smith moved this court to set a briefing schedule so that he could explain why his Second Amended Petition was not second or successive. We denied his request, concluding that *In re Campbell*, 874 F.3d 454 (6th Cir.), *cert. denied*, 138 S. Ct. 466 (2017), foreclosed his proposed claims. *In re Smith*, No. 17-4090 (6th Cir. Mar. 29, 2018) (order). Later, Smith filed a motion to reconsider based on *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019). After determining that the warden's opposition to Smith's motion lacked merit, we granted Smith's motion for reconsideration and his motion for a briefing schedule. *In re Smith*, No. 17-4090 (6th Cir. July 25, 2019) (order). The issue is now fully briefed.

Smith does not attempt to satisfy § 2244(b)'s requirements, and he does not argue that his petition is a permissible second-or-successive petition. Instead, he asserts that he is attacking a new sentencing judgment and that his factual predicates arose after he filed his initial petition, thus his Second Amended Petition is not second or successive, and he does not need this court's authorization to file it in the district court. Smith's argument is based on his claims that we previously held were prohibited by *Campbell*, which held that challenges to a state's method of execution must be brought under 42 U.S.C. § 1983. 874 F.3d at 464. Smith argues that *Bucklew* abrogated *Campbell*, and so he is free to bring his as-applied, lethal-injection invalidity claims in habeas because they attack the validity of his death sentence. Movant Br. at 22–26. Specifically,

he claims that his unique characteristics are such that he can never be executed in a constitutionally valid manner in Ohio, which allows executions only by lethal injection. *See* R. 100 (Mot. for Leave to File Second Am. Pet. at 11–15) (Page ID #2361–65).

In *Bucklew*, the question before the Supreme Court was whether a plaintiff bringing an as-applied, Eighth Amendment method-of-execution challenge in a § 1983 action must satisfy the test from *Baze v. Rees*, 553 U.S. 35 (2008) (plurality opinion), and *Glossip v. Gross*, 135 S. Ct. 2726 (2015), for analogous facial challenges. 139 S. Ct. at 1122–29.[1] First, the Court analyzed "the original and historical understanding of the Eighth Amendment" and its precedent, *Baze* and *Glossip*. *Id.* at 1122–26. It then considered "whether . . . it would be appropriate to adopt a different constitutional test for as-applied claims" in light of the Eighth Amendment, *Baze*, and *Glossip*, and concluded that it would not. *Id.* at 1122, 1126–29.

In reaching this conclusion, the Supreme Court posited that a prisoner's burden under the test to identify an alternative method of execution "can be overstated," in part because a prisoner could point to another method that the state has already authorized or "a well-established protocol in another State" to demonstrate that the method is readily available. *Id.* at 1128. That said, the Court noted that "the Eighth Amendment is the supreme law of the land, and the comparative assessment it requires can't be controlled by the State's choice of which methods to authorize in its statutes," meaning that a prisoner asserting a method-of-execution claim is free to look outside of already authorized methods as well. *Id.*[2]

---

[1] This test requires a prisoner to identify "a feasible and readily implemented alternative method of execution that would significantly reduce a substantial risk of severe pain and that the State has refused to adopt without a legitimate penological reason." *Bucklew*, 139 S. Ct. at 1125.

[2] As noted in Justice Kavanaugh's concurrence, *Bucklew*, 139 S. Ct. at 1136 (Kavanaugh, J., concurring), this discussion was intended to abrogate *Arthur v. Commissioner, Alabama Department of Corrections*, 840 F.3d 1268 (11th Cir. 2016), which erroneously restricted *Glossip* alternatives to methods currently permitted by state law, *id.* at 1316–17; *see also Arthur v. Dunn*, 137 S. Ct. 725, 729 (2017) (Sotomayor, J., dissenting from the denial of certiorari).

Because of this potential conflict between a state's current death penalty law and the *Glossip* alternative alleged by a prisoner, the Court noted that:

> existing state law might be relevant to determining the proper procedural vehicle for the inmate's claim. See *Hill v. McDonough*, 547 U.S. 573, 582–83 (2006) (if the relief sought in a 42 U.S.C. § 1983 action would "foreclose the State from implementing the [inmate's] sentence under present law," then "recharacterizing a complaint as an action for habeas corpus might be proper").

*Id.* (alteration in original). Smith relies entirely on the explanatory parenthetical above in arguing that *Bucklew* abrogated *Campbell* and permits his challenges to the lethal-injection method to be raised in habeas petitions. *See* Movant Br. at 22–26.

*Campbell* is the law of this circuit and remains binding law "unless an inconsistent decision of the United States Supreme Court requires modification of the [circuit] decision or this Court sitting en banc overrules the prior decision." *Gor v. Holder*, 607 F.3d 180, 188 (6th Cir. 2010) (quoting *Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009)). A Supreme Court decision "need not be precisely on point, if the legal reasoning is directly applicable," *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 720–21 (6th Cir. 2016) (collecting cases), but Smith stretches *Bucklew* too far. Whether an as-applied method-of-execution claim may be brought in habeas is not implicated by the question presented in *Bucklew*, its holding, or its primary legal reasoning. The Court in *Bucklew* held that prisoners bringing as-applied method-of-execution challenges under § 1983 must satisfy the *Baze-Glossip* test, and the Court's analysis of the Eighth Amendment, *Baze*, and *Glossip* reflects this focus. Furthermore, *Hill v. McDonough* was decided before and extensively discussed in *Campbell*, 874 F.3d at 460–63, meaning that the new law to implicitly overrule *Campbell* would have to come from *Bucklew* itself. And we cannot say that the parenthetical, combined with the Court's statement that the question of state law "*might*

be relevant to determining the proper procedural vehicle for the inmate's claim," *Bucklew*, 139 S. Ct. at 1128 (emphasis added), meaningfully alters the analysis in *Campbell*.

Given this context, Smith places too much weight upon the explanatory parenthetical in *Bucklew*, and we cannot say that *Campbell* was abrogated by that case. For this reason, we must once again conclude that Smith's proposed amendment presents claims that are not cognizable in habeas in light of *Campbell*.[3]

Accordingly, for the reasons explained above, we hold that *Campbell* controls, even after *Bucklew*, and *Campbell* does not permit Smith to file his proposed Second Amended Petition in the district court. We note that this Order has no effect on Smith's challenge to Ohio's execution protocol brought pursuant to 42 U.S.C. § 1983.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

---

[3]*Bailey v. Wainwright*, 951 F.3d 343 (6th Cir. 2020), which Smith points to in his recent Rule 28(j) letter, does not alter this conclusion. No. 17-4090, Rule 28(j) Letter (Feb. 26, 2020). In *Bailey*, the majority and dissenting opinions cited *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011) (per curiam) (*Adams II*), while considering whether the petitioner had sufficiently demonstrated that his due-process claim regarding his parole sheets challenged the fact of his custody, either his life sentence or his chance of obtaining parole, pursuant to 28 U.S.C. § 2254(a). *Bailey*, 951 F.3d at 346–47 (noting that the *Adams II* court "treated a state prisoner's" claim as one that "if successful, could render his death sentence effectively invalid" (quoting *Adams II*, 644 F.3d at 483)); *id.* at 347–48 (Stranch, J., dissenting) (quoting *Adams II*, 644 F.3d at 483) (relying on *Adams II* to conclude that the petitioner had demonstrated the requisite degree of "probabilistic change to custody" to satisfy the "in custody" requirement of § 2254(a)). *Bailey*, however, was not a method-of-execution case. There both the majority and dissent employed *Adams II* to discuss the broader proposition that Sixth Circuit precedent permits some claims to be brought under habeas and under § 1983. While *Campbell* "close[d] the final path into habeas court left open by *Hill* and *Adams II*" for method-of-execution claims, it did "not intend to diminish the importance or correctness of the holding in *Adams II* that § 1983 and habeas are not mutually exclusive as a per se rule." *Campbell*, 874 F.3d at 462–64.