# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2025

Lyle W. Cayce
Clerk

———————

No. 23-40699

———————

WILLIAM MAXWELL,

*Petitioner—Appellant*,

*versus*

ALBERT THOMAS, III, *Warden, FCI Beaumont Low*,

*Respondent—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:22-CV-40

———————————————————————

Before ELROD, *Chief Judge*, and DAVIS and RAMIREZ, *Circuit Judges*.
PER CURIAM:

William Maxwell, federal prisoner #71944-279, appeals the dismissal of his 28 U.S.C. § 2241 petition for writ of habeas corpus. He argues that the district court erred in determining that he failed to exhaust administrative remedies under the First Step Act of 2018.

We have previously held that a habeas petition "is the proper vehicle to seek release from custody," while a civil rights suit under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), is the "proper vehicle to attack unconstitutional conditions of confinement and

prison procedures." *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020). "The 'bright-line rule' our court has adopted is that if a favorable determination of the prisoner's claim would not automatically entitle him to accelerated release, then the proper vehicle is a civil rights suit." *Id.*[1]

Here, the nature of Maxwell's requested relief is transfer to a halfway house or home confinement. Under *Melot*'s "bright-line rule," neither form of relief would entitle him to accelerated release, so the relief he seeks is properly brought in a civil rights suit. Accordingly, we need not address whether Maxwell sufficiently exhausted his administrative remedies because, even if he did, § 2241 is not the proper vehicle. *Mosley v. Reiser*, No. 22-60625, 2023 WL 3947169, at *1 (5th Cir. June 12, 2023); *Melot*, 970, F.3d at 599; *see also Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) ("[T]his Court may affirm the denial of habeas relief on any ground supported by the record.").

The judgment of the district court is AFFIRMED.

---

[1] Shortly after we decided *Melot*, we concluded in an unpublished opinion that a writ of habeas corpus was the proper vehicle to seek at-home confinement. *Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 739 (5th Cir. 2020). Unpublished cases are non-precedential. *See* 5th Cir. R. 47.5.4. Further, *Cheek* addressed at-home confinement under the CARES Act. *Cheek*, 835 F. App'x at 739. Maxwell initially sought relief under the CARES Act, but he has waived that issue on appeal. The relief he seeks arises under the First Step Act's Elderly Offender Pilot Program, which was at issue in *Melot*. Accordingly, we follow *Melot* under the rule of orderliness.