# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 24-3596

———————————————

Anthony Fortner

*Plaintiff - Appellant*

v.

B. Eischen, Warden Bureau of Prisons

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: December 17, 2025
Filed: March 13, 2026

——————————

Before LOKEN, SMITH, and KOBES, Circuit Judges.

——————————

LOKEN, Circuit Judge.

This appeal raises the question whether, when the Bureau of Prisons (BOP) denies a federal prisoner's request for expedited transfer to prerelease custody, does a district court have jurisdiction under the federal habeas corpus statutes, 28 U.S.C. §§ 2241-55, to consider the prisoner's claim that the BOP violated his statutory rights under the First Step Act? This and similar issues have produced an unresolved conflict in the courts of appeals for more than half a century.

# I. Background

**A.** In Preiser v. Rodriguez, the Supreme Court held that, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." A claim under the Civil Rights Act of 1871, 42 U.S.C. § 1983, is not "a permissible alternative to the traditional remedy of habeas corpus." 411 U.S. 475, 500 (1973).

The Court in Preiser noted but did not answer a related question -- if habeas is the exclusive federal remedy for challenges to the fact or duration of confinement, does that mean other challenges to the terms or conditions of confinement *cannot* be cognizable habeas claims? The Preiser majority, distinguishing "decisions upholding the right of state prisoners to bring federal civil rights actions to challenge the conditions of their confinements," stated near the end of their opinion:

> [I]in all those cases, the prisoners' claims related solely to the States' alleged unconstitutional treatment of them while in confinement. None sought, as did the respondents here, to challenge the very fact or duration of the confinement itself. . . . This is not to say that habeas corpus may not also be available to challenge such prison conditions. When a prisoner is put under additional unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal. . . . That question is not before us.

Id. at 498-500 (citations omitted).

In the years since its decision in Preiser, the Court has not answered the question. See Ziglar v. Abbasi, 582 U.S. 120, 144 (2017). The issue has provoked countless lower federal court decisions, many irreconcilable, and a longstanding circuit split has developed and evolved. See Spencer v. Haynes, 774 F.3d 467, 470-

71 (8th Cir. 2014) This appeal raises the question in the context of a federal prisoner's challenge to a BOP decision delaying his transfer to prerelease custody.

**B.** Anthony Fortner was a federal prisoner detained at the minimum-security Federal Prison Camp in Duluth, MN. Before his transfer to FPC Duluth, Fortner was incarcerated at a Texas facility for 543 days. In the First Step Act of 2018 ("FSA"), Congress directed the Attorney General to develop a Risk and Needs Assessment System that includes "incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs." 18 U.S.C. § 3632(d). The rewards shall include "time credits" that an eligible prisoner who successfully completes such programming will earn. § 3632(d)(4)(A). If an eligible prisoner's sentence includes a term of supervised release after imprisonment, the BOP may apply earned FSA time credits ("FTCs") to begin the term up to twelve months earlier. § 3624(g)(3). The BOP shall apply additional earned FSA time credits to expedite the prisoner's eligibility for prerelease custody in a residential reentry center (halfway house) or in home confinement. See 18 U.S.C. §§ 3632(d)(4)(C), 3624(g). Eligible prisoners are those who have "earned time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment" and who have been determined to be "a minimum or low risk to recidivate." § 3624(g)(1). Fortner has earned and the BOP has applied the twelve-month reduction to his term of imprisonment.

In April 2024, Fortner filed this *pro se* motion for habeas relief under 28 U.S.C. § 2241, alleging that the BOP wrongfully refused his request to properly award and apply additional FTCs for the 543 days he was incarcerated in Texas that would make him sooner eligible for transfer to prerelease custody. Fortner asserted that, had BOP properly applied the FTCs he earned in Texas, he would have qualified "for release to home confinement now, or more precisely, June 26, 2024."

**C.** The district court[1] dismissed Fortner's petition for lack of jurisdiction because his claim challenges conditions of his confinement and is therefore not cognizable in habeas, relying on our decision in Spencer v. Haynes, 774 F.3d 467, 470 (8th Cir. 2014), which reflects our side of the unresolved circuit split. "[E]ven if properly earned," the court concluded, Fortner's Texas FTCs "would serve only to expedite his eligibility for prerelease custody and would not shorten the actual length of his sentence." Fortner v. Eischen, No. 24-1496, 2024 WL 4903678, at *3 (D. Minn. Nov. 27, 2024). It declined to characterize Fortner's habeas petition as a Civil Rights Act claim because he had not exhausted his administrative remedies. The court dismissed without prejudice "[so] that Fortner may bring his claim as a civil case once all administrative remedies have been fully exhausted."

Fortner appeals, arguing Spencer was wrongly decided, as some other circuits have concluded. "We review the district court's dismissal of a § 2241 petition *de novo*." Spencer, 774 F.3d at 469. The issue was fully briefed and argued, but after the appeal was submitted, the government advised that the BOP had transferred Fortner to a pre-release halfway house and moved to dismiss the appeal as moot because this is the habeas relief Fortner requested and the BOP previously denied. We conclude we now lack jurisdiction because the appeal is moot. See, e.g., Miller v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008). Accordingly, we dismiss the appeal as moot and, consistent with "our normal practice when a civil case becomes moot pending appellate adjudication," vacate the district court order being appealed. Mille Lacs Band of Ojibwe v. Madore, 128 F.4th 929, 942 (8th Cir. 2025).

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

## II. The Underlying Legal Issue

Broadly stated, the issue is whether conditions of confinement claims are cognizable in habeas, a long-debated issue acknowledged but not answered by the Supreme Court in Preiser. In Kruger v. Erickson, we joined what is now the long side of the longstanding circuit split and held "[i]f the prisoner is not challenging the validity of his conviction or the length of his detention . . . then a writ of habeas corpus is not the proper remedy." 77 F.3d 1071, 1073 (8th Cir.1996) (citing Preiser, 411 U.S. at 499). We reaffirmed this holding in Spencer, 774 F.3d at 469-71. Kruger and Spencer appear to dispose of this case, as the district court concluded. If Fortner receives the remedy he seeks, he would still be detained for the same length of time, though he would serve the detention in a different location with better conditions. The relevant statute calls those in prerelease custody "prisoners" who are serving "a term of imprisonment." 18 U.S.C. § 3624(c). Even in home confinement, they are subject to prison-like conditions including 24-hour electronic monitoring and must remain home at all times unless they receive BOP approval to perform certain enumerated productive activities. 18 U.S.C. § 3624(g)(2)(A). The only other circuit to address this issue in the prerelease custody context came to the same conclusion. See Maxwell v. Thomas, 133 F.4th 453, 454 (5th Cir. 2025).

Supported by circuit decisions on the other side of the split, Fortner argues Kruger and Spencer should not be controlling for several reasons. First, he argues he *is* challenging the length of his detention because he will leave prison if he is granted prerelease custody. Fortner provides no case support for this theory. He relies on Jones v. Cunningham, which established that people on parole are still sufficiently in *custody* to bring a habeas petition. 371 U.S. 236, 243 (1963). But the rule in Spencer, derived from the Supreme Court's decision in Preiser, turns on whether the habeas petitioner is challenging the length of his detention, not his custody. 774 F.3d at 469. Petitioning for supervised release is cognizable in habeas though it is still a form of custody. Supervised release is not detention, but prerelease custody is.

Second, Fortner argues that FTCs should be cognizable in habeas because Preiser held that the wrongful denial of good-time credits is cognizable because a favorable decision would lead to sooner release from confinement. 411 U.S. at 500. But the parallel nature of the two types of credits does not clear our holding in Spencer because, unlike good-time credits, FTCs beyond the first 365 do not lead to sooner release, only to earlier commencement of prerelease custody.

Third, Fortner urges us to follow a rule first applied in Judge Posner's decision for a Seventh Circuit panel in Graham v. Broglin -- that conditions of confinement claims are cognizable in habeas if the prisoner is seeking a "quantum change" in the level of custody. 922 F.2d 379, 381 (7th Cir. 1991). To the extent this "quantum change" rule would conflict with our decisions in Kruger and Spencer, our panel lacks the authority to adopt it. More recent cases tend to bar conditions of confinement claims in habeas, using the "quantum change" analysis to explain why requests for supervised release are cognizable in habeas even though the remedy sought will still limit freedom. See Glaus v. Anderson, 408 F.3d 382, 386-87 (7th Cir. 2005); cf. Wilkinson v. Dotson, 544 U.S. 74, 85-88 (2005) (Scalia, J., concurring). We have found no Seventh Circuit case holding the quantum change test satisfied in this context, including Graham itself. The remedy sought by the prisoner in that case was participation in a work release program; the court held that was not a qualifying quantum change even though participating prisoners leave the walls of the prison. 922 F.2d at 381.

### III. The Post-Submission Intervening Event

After oral argument, Fortner was moved to a halfway house, which is precisely the relief his habeas petition requested and the BOP previously denied. The government argues the appeal has become moot. It is well-established that "an appeal should . . . be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant."

Calderon v. Moore, 518 U.S. 149, 150 (1996) (cleaned up), followed in Miller v. Whitehead, 527 F.3d at 756. Though the underlying habeas issue is also jurisdictional, "we can address jurisdictional issues in any order we choose." Acheson Hotels, LLC v. Laufer, 601 U.S. 1, 4 (2023). We dismissed a comparable First Step Act credits claim as moot in Smith v. Eischen, No. 24-3575, 2025 WL 2319149, at *1 (8th Cir. Aug. 12, 2025), notwithstanding a delay in the petitioner's halfway house placement resulting from the initial denial of FTCs.

After careful review, we grant the government's motion and dismiss the appeal as moot. Fortner opposes dismissal, arguing the well-established capable-of-repetition-yet-evading-review exception to the mootness doctrine applies because these claims are recurring. But this exception "applies only in exceptional situations" where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999). Here, Fortner has provided no explanation of any circumstances in which there is a reasonable expectation he would again be subject to the same deprivation of FTCs. Such allegations "may not be based on mere speculation." Id. (citations omitted).

The decision to dismiss when an appeal is mooted by intervening factual or legal circumstances always raises the question whether we should vacate the decision being appealed. As our recent decision in Mille Lacs Band makes clear, this is an important issue that "turns on the conditions and circumstances of the particular case." 128 F.4th at 942 (quotation omitted). In that case, following the Supreme Court's "well-settled" practice, we ordered vacatur, explaining "this is our normal practice when a civil case becomes moot pending appellate adjudication." Id. (quotation omitted). Here, the district court applied our binding precedent to a new situation. The longstanding circuit split regarding habeas jurisdiction to consider conditions of confinement claims persists. Dismissing this appeal as moot will likely

deprive our en banc court of the opportunity to review a recurring issue in this context. Vacatur is the appropriate mootness remedy.

For the foregoing reasons, the appeal is dismissed as moot. We remand to the district court with directions to vacate the order being appealed.

_____